UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THELMEAS WALKER,<br>　　　　Petitioner,<br>　v.<br>PATRICK EATON,<br>　　　　Respondent. | Case No. 21-cv-03774-EMC<br><br>**ORDER TO SHOW CAUSE**<br>Docket Nos. 1, 2 |

## I. INTRODUCTION

Thelmeas Walker, an inmate currently housed at the Sierra Conservation Camp, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## II. BACKGROUND

Following a jury trial in Alameda County Superior Court, Mr. Walker was convicted of burglary and rape, and was found to have used a firearm in the commission of an offense. On January 26, 2012, he was sentenced to 25 years to life plus ten years in prison. Docket No. 1 at 1.

He appealed. His conviction was affirmed by the California Court of Appeal on an unstated date and his petition for review was denied on January 15, 2015. He also filed unsuccessful petitions for writ of habeas corpus in the Alameda County Superior Court and the California Supreme Court starting in 2019. *Id.* at 2-3.

## III. DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in

custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

Mr. Walker's federal petition for writ of habeas corpus alleges that the state courts' denial of his request for a resentencing hearing under S.B. 620 to consider whether the firearm-use enhancement should be stricken violated his federal right to due process. Giving the *pro se* petition the liberal construction to which it is entitled, the claim does not appear to be patently meritless and does warrant a response.

## IV. CONCLUSION

For the foregoing reasons,

1. The petition warrants a response.

2. The clerk shall electronically serve a copy of this order upon Respondent and Respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov. The petition and any exhibits thereto are available via the Electronic Case Filing (ECF) system for the Northern District of California. The clerk also shall serve by mail a copy of this order on Petitioner.

3. Respondent must file and serve upon Petitioner, on or before **August 12, 2021,** an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of any court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If Petitioner wishes to respond to the answer, he must do so by filing a traverse and serving it on Respondent on or before **September 14, 2021**.

2

5. Petitioner is responsible for prosecuting this case. Petitioner must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Petitioner is cautioned that he must include the case name and case number for this case on any document he files in this case.

6. Petitioner's *in forma pauperis* application is **GRANTED**. Docket. No. 2.

**IT IS SO ORDERED**.

Dated: June 28, 2021

_____
EDWARD M. CHEN
United States District Judge