UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THELMEAS WALKER,<br><br>        Petitioner,<br><br>    v.<br><br>PATRICK EATON,<br><br>        Respondent. | Case No. 21-cv-03774-EMC<br><br>**ORDER OF DISMISSAL**<br><br>Docket No. 7 |

### I. INTRODUCTION

Petitioner seeks federal habeas relief from his state convictions. The instant 28 U.S.C. § 2254 action was filed in 2021, and is Petitioner's second ("2021 Petition"). In 2016, Petitioner filed a habeas action regarding the same convictions. *See Walker v. Beard*, Case No. 16-cv-1280-EMC (N.D. Cal.) ("2016 Petition").

Pursuant to Petitioner's request, the Court stayed the 2016 Petition so that Petitioner might exhaust a claim based on California's Proposition 57. *See* Docket No. 18, 2016 Petition. That earlier petition currently remains stayed, and Petitioner has not moved to reopen it. *See generally* Docket, 2016 Petition.

Respondent moves to dismiss the 2021 Petition. *See* Docket No. 7 ("MTD"). For the reasons discussed below, this motion is **GRANTED**. However, for the reasons stated below, the Court will permit Petitioner to amend the 2016 Petition.

### II. ANALYSIS

Petitioner's intended claims are, to put it mildly, confused. *See infra* at 3 (chart of claims). First, in the 2021 Petition, Petitioner does not mention any of the claims raised in the 2016

1   Petition, nor does he mention the Proposition 57 claim for which the 2016 Petition was stayed.
2   *See generally*, 2021 Pet.[1]  It thus is unclear whether Petitioner intended to waive his Proposition
3   57 and 2016 Petition claims when he filed the 2021 Petition.  Second, the 2021 Petition raises
4   claims regarding either California Senate Bill 260 or 620, but (a) it is unclear which Senate Bill
5   Petitioner intends to cite and (b) the record provided by Respondent suggests that Petitioner failed
6   to exhaust at least one of these potential claims.  *See generally*, 2021 Pet. & MTD Exs; *see also*
7   *infra*, Claims 2019-4 and 2020C.  Third, the record provided by Respondent shows that Petitioner
8   has raised some claims to the California Supreme Court that were not mentioned in either the 2016
9   or the 2021 Petitions.  *See generally*, MTD Exs.

10   Because Petitioner was sentenced nine years before he filed the 2021 Petition, Respondent
11   challenges the 2021 Petition as untimely, *see* MTD at 6 (citing 28 U.S.C. § 2244(d)), and urges the
12   Court to dismiss the 2021 Petition without allowing amendment of the 2016 Petition, *see*
13   *generally, id*.  However, the Court is reluctant to take action which may deprive Petitioner of the
14   opportunity to pursue proper claims.

15   Petitioner's Opposition to the MTD does not untangle any of the issues identified above.
16   *See generally*, Docket No. 8 (arguing that Petitioner should be granted an attorney and should not
17   be penalized for his lack of legal knowledge).  However, Petitioner indicates that he is willing to
18   amend the 2016 Petition.  *See id*. at 4-5.  This course of action will allow Petitioner to pursue any
19   proper claims without undue prejudice to Respondent; claims which are not timely or not
20   cognizable may be challenged by Respondent.

21   Accordingly, in the interest of justice, the Court will dismiss the instant habeas action (No.
22   21-cv-3774) and reopen the prior action (No. 16-cv-1280), allowing Petitioner to amend the 2016
23   Petition.

### III.     CONCLUSION

25   No later than **September 9, 2022**, Petitioner may file an amendment to the 2016 Petition.
26   The amended petition should have the case caption and case number for the 2016 Petition on the

---

[1] Indeed, as Respondent notes, Petitioner (falsely) stated under oath in the 2021 Petition that he had filed no other federal habeas petitions.  *See* MTD at 6.

first page (that is, it should state "*Walker v. Beard*, Case No. 16-cv-1280-EMC"), and also should be clearly marked "Amended Petition."

The amended petition **must be a complete statement of Petitioner's claims**. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled."). This means that if Petitioner wishes to pursue any claim, whether it was raised in the 2016 or 2021 Petitions, or not previously filed in federal court, **that claim must be included in his amended petition**.[2] In other words, any claim not included in the amended petition will be deemed waived, and the Court will order briefing only on the claims presented.

If Petitioner does not file an amended petition by the deadline, the Court will assume that Petitioner intends to proceed only on the claims originally raised in the 2016 Petition and to waive all other claims, and will set a briefing schedule for Respondent to file an answer to the 2016 Petition's claims. *See* Claims 2012-1 through 2012-4, below.

| Claim # | Claim Substance | Raised in State Court? | Raised in Federal Court? |
|---|---|---|---|
| 2012-1 | Sentence of 35 years to life violates the Eighth Amendment because it is effectively a life sentence for a juvenile nonhomicide offense. | Raised on direct appeal; rejected by California Supreme Court. *See* MTD Exs. 1-2; *see also* Appeal No. S222982 (Cal. S.Ct. Jan. 14, 2015). | Yes, raised in 2016 Petition. Stayed on Feb. 22, 2017. |
| 2012-2 | Trial court prejudicially erred in admitting expert testimony re rape trauma syndrome. | " | " |
| 2012-3 | Trial court erred in charging the jury that, the prosecution need not prove he ejaculated. | " | " |

---

[2] The Court has compiled a chart of the claims it was able to find in Respondent's exhibits and in the public record, which Petitioner may wish to use to identify his claims. The Court compiled the chart only to make sense of Petitioner's confusing litigation history. The fact that this chart refers to a claim previously filed by Petitioner does not mean that the Court has concluded that claim is timely, exhausted, cognizable, or has merit. Respondent may challenge any claim that Petitioner includes in the amended petition, even if it appears on the chart.

3

| Claim # | Claim Substance | Raised in State Court? | Raised in Federal Court? |
|---|---|---|---|
| 2012-4 | The trial court erred when responding to a jury question regarding when appellant may have harbored an intent to commit rape. | " | " |
| 2012-5 | Trial court erred by staying lesser-included offense of committing rape during a burglary in violation of section 667.61, subdivision (e)(2). | Raised on direct appeal. Succeeded as to this claim. *See* MTD Ex. 1; *see also* Case No. A134924 (1st Dist. Ct. App., filed March 19, 2012). | N/A |
| 2017 | Relief under Proposition 57. | Raised to California First District Court of Appeal; rejected by the California Supreme Court. *See* MTD Exs. 3-4; *see also People v. Walker*, Case No. A151520 (1st Dist. Ct. App., May 1, 2018) (summarizing claim); Appeal No. S249253 (Cal. S.Ct., dismissed July 20, 2018). | No. 2016 Petition was stayed so that Petitioner might file this claim, but he did not do so in 2016 Petition and the 2021 Petition makes no mention of it. *See generally*, Pet. |
| 2019-1 | The verdict was not agreed to by each juror. | Raised and rejected in habeas action before Alameda County Superior Court. *See* MTD Ex. 8A; *see also* Case No. HC166404-2 (Alameda Cty. Super Ct., filed Sept. 4, 2019; dismissed Sept. 27, 2019). The record does not reveal whether Petitioner presented this claim to the California Supreme Court. | No. |
| 2019-2 | There was insufficient evidence to support the personal use of a firearm allegation. | " | " |
| 2019-3 | Appellate counsel was ineffective for failing to raise Claims [2019-1 and 2019-2] on appeal. | " | " |
| 2019-4 | Appellate counsel was ineffective for failing to move for a sentence correction pursuant to Penal Code section 1170(d) and Senate Bill 260, or to argue that his sentence is a de facto | " | Unclear. The 2021 Petition appears to raise claims regarding Senate Bill 260, but may have intended to raise claims regarding Senate Bill 620. |

4

| Claim # | Claim Substance | Raised in State Court? | Raised in Federal Court? |
|---|---|---|---|
| | LWOP sentence. | | |
| 2020A | Unknown. Record does not reveal substance of claim(s). | Raised and rejected in habeas action before California First District Court of Appeal. *See* MTD Ex. 5; *see also* Case No. A159319 (1st Dist. Ct. App., filed Jan. 13, 2020; denied Jan. 23, 2020). The record does not reveal whether Petitioner presented claim(s) to the California Supreme Court. | Unknown. Record does not reveal substance of claim(s). |
| 2020B-1 | Relief from default. | Raised in a habeas action to the Alameda County Superior Court. The action appears to be ongoing. *See* MTD Exs. 6-7; *Walker v. California*, Case No. HC 166404-2 (Alameda Cty. Super. Ct., filed Feb. 2, 2020). | No. |
| 2020B-2 | Witness testimony should have been rejected as unbelievable and, without that testimony, there was insufficient evidence. | " | " |
| 2020B-3 | Trial counsel was ineffective on multiple points. | " | " |
| 2020C | Gun enhancements should be vacated pursuant to Senate Bill 620. | Raised in a habeas action. *See* MTD Exs. 8-9; *see also* Appeal No. S264908 (Cal. S.Ct., filed Oct. 8, 2020; rejected April 28, 2021). | Unclear. The 2021 Petition appears to raise arguments regarding Senate Bill 260, but may have intended to raise claims regarding Senate Bill 620. |
| 2020D | Unknown. Record does not reveal substance of claim(s). | Habeas petition. Appeal No. S265521 (Cal. S.Ct., filed Nov. 12, 2020; denied Jan. 19, 2021). The record did not refer to this action, and does not reveal whether Petitioner presented claim(s) to the California Supreme Court. | Unknown. Record does not reveal substance of claim(s). |

The instant federal habeas action is **DISMISSED** without prejudice. Petitioner's motion to proceed *in forma pauperis* (IFP) is **DENIED** as moot (Docket No. 2), his prior IFP application having been granted, *see* Docket No. 9, 2016 Petition.

5

The Clerk shall terminate all pending motions, enter judgment in favor of Respondent, and close the file in this case, 21-cv-3774-EMC.

**IT IS SO ORDERED**.

Dated: July 28, 2022

_____
EDWARD M. CHEN
United States District Judge

6